IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LEVI SPRINGER,** | ) |
| Plaintiff, | ) Case No. 7:15CV00195 |
| v. | ) **OPINION** |
| **TORI RAIFORD, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, Levi Springer, a state inmate proceeding pro se, has filed a civil rights action, alleging that he seeks relief under 42 U.S.C. § 1983 against officials at Red Onion State Prison for improperly transferring funds from his inmate trust account and various other alleged misdeeds. Springer has not prepaid the necessary filing fee to proceed with this action and asks to be allowed to proceed in forma pauperis. Upon review of the record, I find that this lawsuit must be summarily dismissed under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment

method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. April 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-1339 (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-1392 (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, No. 1:10-cv-1445 (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed in forma pauperis only if he can show imminent danger of serious physical injury. § 1915(g).

Springer's current complaint alleges that Red Onion officials have (a) wrongfully transferred funds from his trust account as partial payment of federal court filing fees;[1] (b) refused to process request forms and informal complaints; (c) denied him access to legal mail related to a court appeal; (d) brought retaliatory disciplinary charges against him; (e) refused him access to the Thinking for

---

[1] Springer asserts that he received these funds as part of an Indian Trust Settlement Disbursement and as such, they were protected against withholding for court fees. I summarily dismissed without prejudice Springer's prior claim concerning this seizure of his funds. *See Springer v. United States*, No. 7:14CV00689 (W.D. Va. Jan. 6, 2015). Springer is advised that if he continues to bring nonviable civil actions in this court, he may be subject to a prefiling injunction or other sanctions.

Change program; and (f) maintained him in long-term segregated confinement. Springer seeks return of the transferred funds and compensation for officials' actions. Based on these allegations, I cannot find that Springer has shown imminent danger of physical harm as required under § 1915(g) so as to allow him to proceed by paying the filing fee through installments.

Because the records reflect that Springer has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g). Because he has not prepaid the $350 filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: May 6, 2015

/s/ James P. Jones
United States District Judge